**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Madrid, | No. CV-07-8103-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Concho Elementary School District No. 6 of Apache County, an Arizona political subdivision; Concho Elementary School District No. 6 of Apache County Governing Board Members Carl Dye, Cecilia Roberts, John Taylor, Tracy Candelaria, and Angela Murphy, | |
| Defendants. | |

Defendants have filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #13. A response and reply have been filed. Dkt. ##15, 21. The Court will deny the motion.[1]

**I.   Background.**

Concho Elementary School District No. 6 operates one school in Apache County, Arizona. Plaintiff worked as the District's superintendent beginning in July 2005. On

---

[1] Plaintiff's request for oral argument is denied because oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  September 18, 2007, the District's Governing Board decided to terminate Plaintiff's
2  employment.

3  Plaintiff commenced this action on October 3, 2007, by filing a complaint against
4  the District and individual members of the Board. Dkt. #1. The complaint asserts six claims:
5  a request for injunctive and declaratory relief, breach of contract, violation of the Arizona
6  Open Meeting Law, violation of 42 U.S.C. § 1981, race discrimination in violation of Title
7  VII of the Civil Rights Act of 1964, and civil rights violations under 42 U.S.C. § 1983. *Id.*

8  **II.    Analysis.**

9  A.R.S. § 15-543(A) provides that an appeal from a board's decision to terminate an
10 employee must be filed with the superior court in the county of employment within 30 days
11 after the date of the decision. The Board decided to terminate Plaintiff on September 18,
12 2007. Plaintiff therefore was required to file any appeal of the Board's decision with the
13 Apache County Superior Court by October 18, 2007. Plaintiff did not do so. Defendants
14 argue that Plaintiff's complaint is barred by the doctrine of res judicata because it seeks to
15 re-litigate issues heard and decided by the Board that were not appealed and became final.
16 Dkt. #13 at 3-8.

17 Federal district courts must accord the same preclusive effect to a state administrative
18 decision as the state itself would apply. *See Univ. of Tenn. v. Elliot*, 478 U.S. 788, 798-99
19 (1986). "First, however, the federal court must independently assess the adequacy of the
20 state's administrative forum." *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999). "'This
21 requires careful review of the administrative record to ensure that, at a minimum, it meets the
22 state's own criteria necessary to require a court of that state to give preclusive effect to the
23 state agency's decisions.'" *Id.* (quoting *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033
24 (9th Cir. 1994)). "'Although a federal court should ordinarily give preclusive effect when
25 the state court would do so, there may be occasions where a state court would give preclusive
26 effect to an administrative decision that failed to meet the minimum criteria set down
27 [for federal courts].'" *Id.* (alterations omitted). The Supreme Court listed these criteria in
28 *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966):  (1) that the

1 administrative agency acted in a judicial capacity, (2) that the agency resolved disputed
2 issues of fact properly before it, and (3) that the parties had an adequate opportunity to
3 litigate. *Id.* at 422.

4         Defendants do not address whether the Board's process comported with the
5 requirements of *Utah Construction*. Plaintiff also fails to address the requirements of *Utah*
6 *Construction*, but he does assert that the Board failed to provide him and his counsel with
7 sufficient notice of various hearings. He also appears to assert that conflicts of interest and
8 bias precluded the Board from properly considering his termination and precluded him from
9 having an adequate opportunity to litigate his concerns. Because Defendants have failed to
10 demonstrate that the Board procedures satisfied the elements of *Utah Construction*, and
11 Plaintiff appears to raise factual issues with respect to those elements, the Court cannot
12 conclude at this stage of the litigation that the Board decision should be given preclusive
13 effect.

14         Moreover, the Board's unreviewed decision to terminate Plaintiff does not have
15 preclusive effect on Plaintiff's Title VII claims. *See Elliot*, 478 U.S. at 797 ("Congress did
16 not intend unreviewed state administrative proceedings to have preclusive effect on Title VII
17 claims."); *McInnes v. California*, 943 F.2d 1088, 1093 (9th Cir. 1991) ("The clear teaching
18 of *Elliot* is that in a Title VII action a prior state decision enjoys preclusive effect only if
19 rendered or reviewed by a court.").

20         The cases cited by Defendants do not require a different conclusion. The Ninth
21 Circuit's decision in *Olson* specifically found that "the state administrative process here
22 comported with the requirements of *Utah Construction*." 188 F.3d at 1086. This Court in
23 *Dommissee v. Napolitano*, 474 F.Supp.2d 1121 (D. Ariz. 2007), did not cite *Utah*
24 *Construction*, but it did cite and rely on *Elliott* and *Olson*, both of which addressed the
25 requirements of *Utah Construction*. *Id*. at 1128. Moreover, the plaintiff in *Dommissee* had
26 a full hearing before the Arizona Medical Board and appealed the Board's censure decision
27 to the Arizona Superior Court. *Id*. at 1124. This Court concluded that the plaintiff's action
28 was precluded by the *Rooker-Feldman* doctrine, and that any additional claims were preluded

by the full hearing plaintiff received in the state administrative action. *Id.* at 1125-27. Finally, unlike Plaintiff in this case, the plaintiff in *Dommissee* did not assert claims under Title VII.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #13) is **denied**.
2. The Court will schedule a Rule 16 Case Management Conference by separate order.

DATED this 2nd day of January, 2008.

_David G. Campbell_
United States District Judge