Gary L. Lassen ( # 5259)
The Law Office of Gary Lassen, PLC
2020 North Central Avenue
Central Park Square, Suite 1100
Phoenix, AZ 85004
Telephone: (602) 252-1205
Facsimile: (602) 254-6982

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| MANUEL MADRID,<br><br>   Plaintiff,<br><br>   vs.<br><br>CONCHO ELEMENTARY SCHOOL DISTRICT NO. 6 OF APACHE COUNTY, an Arizona political subdivision; CONCHO ELEMENTARY SCHOOL DISTRICT NO. 6 OF APACHE COUNTY GOVERNING BOARD MEMBERS CARL DYE, CECILIA ROBERTS, JOHN TAYLOR, TRACY CANDELARIA, ANGELA MURPHY, JOHN DOES I-V, JOHN DOES I-V, BLACK AND WHITE CORPORATIONS I-V,<br><br>   Defendants. | **Case No.:  CIV 07-08103 PCT-DGC**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>**[ORAL ARGUMENT REQUESTED]** |

Plaintiff, by and through undersigned counsel, hereby responds to Defendants' Motion to Compel Arbitration filed in this action. Plaintiff requests that the Motion to Compel Arbitration be denied for the reason that the Defendants have clearly breached the employment Agreement, and by various actions have waived the right to have this matter referred to arbitration. This Motion is based upon the following Memorandum of Points and Authorities, the record in this case, and the exhibits attached to this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

A party seeking to compel arbitration, as here, cannot have taken contrary positions and after they are unsuccessful in pursuing other avenues, insist on arbitration. In this case, the

Plaintiff repeatedly demanded that the Concho Elementary School District Governing Board follow the terms of his contract. This attorney wrote to Mr. Haws on July 19, 2007, then attorney acting on behalf of the Board, informing him that an outside hearing body or hearing officer would be required to hear the case (Exhibit A). On August 2, 2007 I wrote to Mr. Haws again (Exhibit B) stating "It is also evident that the Board may not sit as a hearing body." On August 16, 2007 I wrote once again (Exhibit C) stating "we need to agree on a hearing body." These requests were all ignored. Then, after this action was filed, Defendants filed a motion to dismiss arguing that the exclusive appeal was to Apache County Superior Court. The Defendants ignored the contract in that they failed to provide the 30 day notice of the time and place of the hearing, and formulated grounds for termination not authorized by the contract and then failed to agree to a neutral hearing officer or hearing body. Instead, the Governing Board, relying on the statute applicable to termination of teachers, brought a Notice of Statement of Charges, used the Navajo County Attorney to advise them, and proceeded to terminate Dr. Madrid notwithstanding clear bias and conflicts of interest. In this case, Defendants did not initially file a motion to compel arbitration, but rather filed a motion to dismiss claiming that the only remedy for Plaintiff in this action was an appeal to Superior Court in Apache County, State of Arizona.

To now come in and argue that this matter should be referred to arbitration, is a blatant attempt at forum shopping and should not be countenanced by this Court, and in any event is clearly precluded by applicable Ninth Circuit law as set forth in the legal argument below.

**ARGUMENT**

A. **Defendants Are Precluded From Seeking Arbitration.**

The Ninth Circuit case of *Brown v. Dillard's*, 430 F.3d 1004 (2005), provides a sound analysis of the applicable law. In that case, *Dillard's* employees agreed to arbitrate employment related claims under what was called *Dillard's Fairness in Action Program*.

*Brown* had originally filed a Notice of Intent to Arbitrate with the American Arbitration Association as per the *Dillard's* Arbitration Agreement indicating that she was wrongfully

terminated. *Dillard's* refused to participate in arbitration, and she then brought an action in California Superior Court pleading multiple causes of action. *Dillard's* moved to Federal District Court and then later moved to compel arbitration. The District Court held the agreement was unconscionable and unenforceable as *Dillard's* breached its agreement with *Brown* by refusing to participate in the arbitration proceeding *Brown* initiated. Having breached the agreement, *Dillard's* was held not to be able to later enforce it. The Court, relying upon California law, indicated that a bedrock principle of California contract law is that he who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed (citations omitted). The Court looked at the public policy and reasoning that would follow if *Dillard's* view was accepted and indicated that employers like *Dillard's* would have an incentive to refuse to arbitrate claims by employees in the hopes that the frustrated employees would simply abandon them. The tactic would be costless to employers if they were allowed to compel arbitration whenever the frustrated but persistent employee eventually initiated litigation. Here the Board is precluded from seeking arbitration by its prior material breach of the contract.

The Court in *Brown* also analyzed the failure to arbitrate issue under the waiver standard articulated in *Fisher, et al. v. AG Becker Paribal Corp.,* 791 F.2d 691 (1986). In order to successfully defeat a motion to compel arbitration, a party, as Madrid here, must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. *Dillard's* conceded that it knew it had the right to arbitrate and that it's initial refusal was an act inconsistent with the right, but claims that Brown did not suffer prejudice. The Court held that Brown's costs, attorney's fees and delay, as here, were clearly sufficient to demonstrate prejudice. The Court had no difficulty concluding that the delay and costs incurred by *Brown* were prejudicial for the purposes of waiver analysis.

In the instant case, Plaintiff sought to have his employment status decided by an outside independent decision maker, and insisted that the grounds for termination and notice provisions

of the contract control, but the Governing Board refused. Whether the prior breach analysis applies or not, the waiver analysis applies in Plaintiff's favor. Applying that analysis to this case, clearly there is knowledge of the right to arbitrate and acts inconsistent with such right, and the prejudice to Plaintiff Madrid is significant. The publicity of his wrongful termination, his loss of employment opportunities due to the actions of the Board, and the significant defamatory statements made by the Board, all were prejudicial to Madrid. (*See* Affidavit of Manuel Madrid in Support of Response to Motion to Dismiss.)

### B. The Arbitration Clause Does Not Apply.

The Arbitration provision may not apply to termination and clearly does not extend to plaintiff's federal constitutional and statutory claims. At a minimum, there is some ambiguity regarding the scope of the arbitration provision. There is no question that there is a prior material breach of the contract on the part of the Governing Board, the Exhibit A, a retyped copy of the contract, provides in paragraph 6 relating to discharge for cause, that the agreement may be terminated for just cause (which is for gross insubordination, incompetence or moral turpitude detrimental to the operation of the school system). The contract states that such may only take place after a hearing before the Board and that the Superintendent shall be given written notice of the time and place of the hearing together with a statement of the charges against him not less than thirty (30) days prior to the hearing. Defendants failed to comply with any of these requirements. Paragraph 14 entitled "Applicability of Law" includes the following statement:

> "For any dispute arising under the terms of this contract,
> the parties agree to use arbitration pursuant to A.R.S. §12-133(b)."

A reasonable interpretation of paragraph 14 referencing A.R.S. §12-133 is that it is limited to conflicts between the Superintendent and the Board regarding what certain terms of the contract mean such as whether he is entitled to attend certain professional meetings and not others, or whether his use of leave was appropriate. The more specific provision may apply in the case of termination. In any event, the Court need not construe the extent of the arbitration

provision as there is no question that the Board should be precluded from relying upon this provision under the present set of facts.  In *Conwest Resources, Inc. v. Playtime Novelty, Inc.*, 2007 U.S. District Lexis 35585 (2007) the District Court for the Northern District of California recently considered the Ninth Circuit's waiver analysis in considering a motion to compel arbitration.  The Defendants in that case sought arbitration after an unfavorable ruling on its preliminary injunction motion.  It appeared that it was seeking an alternative forum sensing an adverse ruling.  Such use of arbitration as a means of forum shopping would be prejudicial to *Playtime*.  Accordingly, the Motion for a State to dismiss and compel arbitration was denied.

Based on the above, and the record in this case, it is respectfully requested that the Motion to Compel Arbitration be denied.

RESPECTFULLY submitted this 30th day of April 2008.

THE LAW OFFICE OF GARY LASSEN, PLC

By:   s/Gary L. Lassen
      Gary L. Lassen (5259)
      2020 North Central Avenue
      Suite 1100
      Phoenix, AZ 85004

I hereby certify that on April 30th, 2008
I electronically transmitted the attached
ORIGINAL document to the United States
District Court Clerk's Office using the
CM/ECF System for filing

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
401 W. Washington
Phoenix, Arizona  85003


By:   s/Lisa Balbini