1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9    Manuel Madrid,                    )    No. CV-07-8103-PCT-DGC
                                        )
10             Plaintiff,               )    **ORDER**
                                        )
11   vs.                                )
                                        )
12   Concho Elementary School District  )
     No. 6 of Apache County, an Arizona )
13   political subdivision; Concho Elementary)
     School District No. 6 of Apache County )
14   Governing Board Members Carl Dye,  )
     Cecilia Roberts, John Taylor, Tracy )
15   Candelaria, and Angela Murphy,     )
                                        )
16             Defendants.              )
                                        )
17   _____)

18

19           Defendants have filed a motion to stay this action and compel arbitration. Dkt. #33.

20   Plaintiff has filed a response. Dkt. #34. The Court will grant the motion.[1]

21   **I.    Background.**

22           Concho Elementary School District No. 6 operates one school in Apache County,

23   Arizona.  Plaintiff worked as the District's superintendent beginning in July 2005.  On

24   September 18, 2007, the District's Governing Board terminated Plaintiff's employment.

25

26           [1]Plaintiff's request for oral argument is denied because Plaintiff has briefed the issues
27   and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer
     County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).
28

1    Plaintiff commenced this action on October 3, 2007, by filing a complaint against

2    the District and individual members of the Board. Dkt. #1. The complaint asserts six claims:

3    breach of contract, violation of the Arizona Open Meeting Law, violation of 42 U.S.C.

4    § 1981, race discrimination in violation of Title VII of the Civil Rights Act of 1964, civil

5    rights violations under 42 U.S.C. § 1983, and a request for injunctive and declaratory relief.

6    **II.    Discussion.**

7    Plaintiff's employment contract with the District provides that "[f]or any dispute

8    arising under the terms of [the] contract, the parties agree to use arbitration pursuant to

9    A.R.S. § 12-133(D)." Dkt. #33-2 at 3-5, ¶ 14.[2] On March 18, 2008, Defendants requested

10   that Plaintiff submit this matter to arbitration. *Id.* at 7-8. Plaintiff declined. *Id.* at 10-11.

11   Defendants now ask the Court to stay this action and compel arbitration pursuant to the

12   parties' contract and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq.

13   The FAA broadly provides that written agreements to arbitrate disputes arising out of

14   transactions involving interstate commerce "shall be valid, irrevocable, and enforceable"

15   except upon grounds that exist at common law for the revocation of a contract. 9 U.S.C. § 2;

16   *see Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113-19 (2001) (the FAA applies broadly

17   to employment contracts except those of transportation workers). Absent a valid contract

18   defense, the FAA "'leaves no place for the exercise of discretion by a district court, but

19   instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues

20   as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic*

21   *Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*,

22   470 U.S. 213, 218 (1985)) (emphasis in original). The district court's role under the FAA

23   is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2)

24   whether the agreement encompasses the dispute at issue." *Id.*

25   Relying on *Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005), Plaintiff contends

26

27   _____

28   [2]Section 12-133(D) provides, in relevant part, that "[r]egardless of whether or not suit has been filed, any case may be referred to arbitration by an agreement of reference signed by the parties or their respective counsel for both sides in the case."

1   that Defendants' prior material breach of the contract precludes it from compelling

2   arbitration.  Dkt. #34 at 2-3.  Plaintiff's reliance on *Brown* is misplaced.  The defendant in

3   *Brown* breached the arbitration provision of its agreement with the plaintiff by refusing to

4   participate in arbitration proceedings initiated by the plaintiff.  430 F.3d at 1010.  While

5   Plaintiff asserts that he sought to have his employment status decided by an "independent

6   decision maker," he does not contend that he initiated arbitration pursuant to the parties'

7   contract, nor does he contend that Defendants have breached the arbitration provision of the

8   contract.  The allegation that Defendants have breached other provisions of the contract does

9   not preclude them from compelling arbitration because "arbitration provisions, *which*

10  *themselves have not been repudiated*, are meant to survive breaches of contract[.]"  *Brown*,

11  430 F.3d at 1011 (quotation marks and brackets omitted) (emphasis in original).

12      Plaintiff further contends that, like the defendant in *Brown*, Defendants have waived

13  their right to arbitrate this matter.  Dkt. #34 at 3-4.  "'A party seeking to prove waiver of a

14  right to arbitrate must demonstrate (1) knowledge of an existing right to compel arbitration;

15  (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing

16  arbitration resulting from such inconsistent acts.'"  *Brown*, 430 F.3d at 1012 (quoting *Britton*

17  *v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990)).  Plaintiff asserts that

18  Defendants' refusal to have Plaintiff's employment status decided by an "independent

19  decision maker" is inconsistent with the right to compel arbitration.  Dkt. #34 at 3-4.  But

20  Plaintiff has presented no evidence showing that Defendant refused to participate in

21  arbitration proceedings initiated by Plaintiff pursuant to the parties' contract.  *See Brown*,

22  430 F.3d at 1010; *see also Convergy's Corp. v. Freedom Wireless, Inc.*, No. 2:06-CV-0644-

23  LRH(GWF), 2006 WL 2927841, at *2 (D. Nev. Oct. 12, 2006) ("In the standard case where

24  a party is deemed to have waived their right to arbitration, . . . a party repudiates an

25  *arbitration agreement* in order to bring certain claims before the court.") (emphasis added).

26      Nor has Plaintiff shown that Defendant's conduct in this case constitutes acts

27  inconsistent with their right to compel arbitration or that Plaintiff has been prejudiced by

28  Defendants' conduct.  "Defendants have not acted inconsistently with their exiting right to

1   arbitrate simply by complying with the local and federal rules during the course of the

2   lawsuit commenced by Plaintiff[.]"  *Balezos v. Calvalry Portfolio Servs., LLC*, No. CV 06-

3   1952-PHX-SMM, 2007 WL 2330861, at *2 (D. Ariz. Aug. 15, 2007).  "The minimal activity

4   engaged in by [Defendants] hardly reaches the level that has been found to be prejudicial."

5   *Johnson v. Couturier*, No. 2:05-cv-02046-RRB-KJM, 2007 WL 3151883, at *6 (E.D. Cal.

6   Oct. 26, 2007).  As this Circuit has observed, "'courts are reluctant to find prejudice to the

7   plaintiff who has chosen to litigate, simply because the defendant litigated briefly . . . before

8   moving to compel arbitration.'"  *Id.* (quoting *Brown*, 430 F.3d at 1012).

9       Plaintiff asserts that he has been prejudiced by the publicity of his termination, his loss

10  of employment opportunities, and alleged defamatory statements made by the Board.

11  Dkt. #34 at 4.  But Plaintiff has not shown that any such prejudice resulted from Defendants'

12  alleged failure to arbitrate.

13      The Supreme Court has made clear that "any doubts concerning the scope of arbitrable

14  issues should be resolved in favor of arbitration[.]"  *Moses H. Cone Mem'l Hosp. v. Mercury*

15  *Constr. Corp.*, 460 U.S. 1, 24 (1983); *see EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289

16  (2002).  Given this "liberal federal policy favoring arbitration," *Lozano v. AT&T Wireless*

17  *Servs., Inc.*, 504 F.3d 718, 725 (9th Cir. 2007), the party asserting "waiver of arbitration

18  bears a heavy burden of proof," *Britton*, 916 F.2d at 1412.  Plaintiff has not met his burden.

19  *See Convergy's*, 2006 WL 2927841, at *3.  The Court concludes that Defendants are not

20  precluded from compelling arbitration pursuant to the parties' contract.[3]

21      Plaintiff asserts that the arbitration provision "may not apply to termination and

22  clearly does not extend to [his] federal constitutional and statutory claims."  Dkt. #34 at 4.

23  But Plaintiff affirmatively states in his complaint that "[t]his matter arises out of contract"

24  and that "[t]he parties have agreed that any dispute arising out of the contract is subject to

25  arbitration."  Dkt. #1 ¶¶ 16-7.  Indeed, Plaintiff's claim for injunctive relief requests that

26

27      [3]Plaintiff's reliance on *ConWest Resources, Inc. v. Playtime Novelties, Inc.*, No. C 06-
    5304 SBA, 2007 WL 1288349 (N.D. Cal. May 1, 2007), is misplaced.  The party seeking to
28  compel arbitration in *ConWest* was the plaintiff, not the defendant, and that party previously
    had refused requests for arbitration.  *Id.* at *4.

1  "this matter be assigned in accordance with [the arbitration] provision to an arbitrator." *Id.*

2  ¶ 17.  In light of the federal policy favoring arbitration, and Plaintiff's admission that this

3  entire matter is arbitrable, the Court will grant Defendants' motion to stay this action and

4  compel arbitration.  *See* 9 U.S.C. §§ 2-4.

5     **IT IS ORDERED:**

6     1.     Defendants' motion to compel arbitration (Dkt. #33) is **granted**.

7     2.     The parties are directed to submit this matter to arbitration consistent with the

8            terms of their contract and the provisions of the Federal Arbitration Act,

9            9 U.S.C. §§ 1 et seq.

10    3.     Upon completion of the arbitration proceedings, the parties are directed to

11           comply with the provisions of 9 U.S.C. §§ 9-13, as applicable.

12    4.     This action is **stayed** pursuant to 9 U.S.C. § 3.

13    5.     The parties shall file a status report concerning their arbitration on or before

14           **December 5, 2008**.

15    DATED this 2nd day of June, 2008.

16

17

18    _____

19                    David G. Campbell
                 United States District Judge

20

21

22

23

24

25

26

27

28