**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Manuel Madrid, | ) | No. CV-07-8103-PCT-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Concho Elementary School District No. 6 of Apache County, an Arizona political subdivision; Concho Elementary School District No. 6 of Apache County Governing Board Members Carl Dye, Cecilia Roberts, John Taylor, Tracy Candelaria, and Angela Murphy, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

On June 6, 2008, the Court issued an order compelling arbitration of this matter. Dkt. #41. Plaintiff has filed a motion for reconsideration of that order. Dkt. #42. The Court will deny the motion.

**I.    Background.**

Concho Elementary School District No. 6 operates one school in Apache County, Arizona. Plaintiff worked as the District's superintendent beginning in July 2005. On September 18, 2007, the District's Governing Board terminated Plaintiff's employment.

Plaintiff commenced this action by filing a complaint against the District and individual members of the Board. Dkt. #1. The complaint asserts six claims: a request for injunctive and declaratory relief, breach of contract, violation of the Arizona Open Meeting

Law, violation of 42 U.S.C. § 1981, race discrimination in violation of Title VII of the Civil Rights Act of 1964, and civil rights violations under 42 U.S.C. § 1983.

## II.   Discussion.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)).  Mere disagreement with an order is an insufficient basis for reconsideration. *See id.* (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)).  Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *See id.* (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)); *see also N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted:  (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff has not demonstrated any of these circumstances.  Plaintiff instead reasserts arguments previously made, asserts a new argument that could have been made prior to the issuance of the Court's order, and asks the Court to rethink its analysis.

Plaintiff argues that "[o]nly the contract causes of action in this case are subject to arbitration[.]"  Dkt. #42 at 3.  The Court explicitly rejected this argument in its prior order. Dkt. #41 at 4-5.  The Court held that in light of the federal policy favoring arbitration, and Plaintiff's admission that this entire matter is arbitrable, the motion to compel arbitration

1 should be granted. *Id.*

2 Plaintiff contends that the Court has misconstrued his admissions that "[t]his matter 3 arises out of contract"; that "[t]he parties have agreed that any dispute arising out of the 4 contract is subject to arbitration"; and that this matter should "be assigned in accordance with 5 [the arbitration] provision to an arbitrator." Dkt. #42 at 8; *see* Dkt. #1 ¶¶ 16-17. Plaintiff 6 asserts that these statements relate only to count one of the complaint. Dkt. #42 at 8. But 7 count one asserts an injunctive relief claim requesting that "this matter" be assigned to an 8 arbitrator. Dkt. #1 ¶ 17. Plaintiff's request for arbitration was not made in, or limited to, the 9 breach of contract claim asserted in count two of the complaint. *See id.* ¶¶ 20-28.

10 Relying on *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 11 U.S. 1 (1983), Plaintiff contends that the Court may not compel arbitration under the Federal 12 Arbitration Act because it lacks independent federal jurisdiction over the breach of contract 13 claim. Dkt. #42 at 7. Plaintiff did not make this argument in response to the motion to 14 compel arbitration. *See* Dkt. #34.

15 Moreover, Plaintiff's reliance on *Moses H. Cone* is misplaced. As Plaintiff states in 16 his motion, a federal district court may compel arbitration when the court has "'jurisdiction 17 over a suit on the underlying dispute; hence there must be diversity of citizenship or some 18 other independent basis for federal jurisdiction[.]'" Dkt. #42 at 7 (quoting *Moses H. Cone*, 19 460 U.S. at 25 n.32). The Court has subject matter jurisdiction over this suit based on the 20 federal claims asserted in the complaint. *See* 28 U.S.C. § 1331.

21 Plaintiff has made no showing that reconsideration is appropriate. The Court 22 accordingly will deny his motion.

23 **IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #42) is **denied**.

24 DATED this 9th day of July, 2008.

David G. Campbell
United States District Judge

- 3 -