**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Madrid, | No. CV-07-8103-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Concho Elementary School District No. 6 of Apache County, an Arizona political subdivision; Concho Elementary School District No. 6 of Apache County Governing Board Members Carl Dye, Cecilia Roberts, Tracy Candelaria, Angela Murphy, and John Rebello, | |
| Defendants. | |

Concho Elementary School District No. 6 operates one school in Apache County, Arizona. Plaintiff worked as the District's superintendent beginning in July 2005. Plaintiff's contract with the District provided for employment through June 30, 2008. The District's Governing Board terminated Plaintiff's employment on September 18, 2007.

Plaintiff's contract included an arbitration clause providing that "[f]or any dispute arising under the terms of this contract, the parties agree to use arbitration pursuant to A.R.S. § 12-133(D)." Dkt. #33-2 at 4, ¶ 14. Section 12-133(D), in turn, states that "[r]egardless of whether or not suit has been filed, any case may be referred to arbitration by an agreement of reference signed by the parties[.]" A.R.S. § 12-133(D).

Plaintiff filed a complaint against the District and individual members of the Board asserting claims for injunctive and declaratory relief, breach of contract, violation of the

1  Arizona Open Meeting Law, violation of 42 U.S.C. § 1981, race discrimination in violation
2  of Title VII of the Civil Rights Act of 1964, and civil rights violations under 42 U.S.C.
3  § 1983. Dkt. #1. The Court issued an order staying this action and compelling arbitration
4  pursuant to the arbitration clause in Plaintiff's contract and the Federal Arbitration Act,
5  9 U.S.C. § 1 et seq. ("FAA"). Dkt. #41.

6  The parties agreed to have Judge Rebecca Albrecht arbitrate this matter. Following
7  a two-day hearing and the receipt of supplement briefing, Judge Albrecht issued a decision
8  finding that while the Board breached Plaintiff's employment contract by holding a hearing
9  on the charges against him less than 30 days after notice of the hearing, the Board had just
10 cause to terminate Plaintiff and did not deny him due process or otherwise violate his civil
11 rights. Judge Albrecht awarded Plaintiff 30 days lost wages for breach of contract and
12 dismissed all other claims. Dkt. #51-2 at 10-15; *see* Dkt. #48.

13 **I.    Motion to Confirm Arbitration Award.**

14 Defendants have filed a motion to confirm the arbitration award pursuant to section
15 9 of the FAA. Dkt. #51. Plaintiff opposes the motion on the ground that he never agreed to
16 binding arbitration. Dkt. #52; *see* Dkt. #50. For reasons that follow, the Court will deny the
17 motion.

18 Section 9 of the FAA "provides that, if the parties agree that a judgment of the court
19 shall be entered upon the arbitration award, the court must grant such an order unless the
20 arbitration award is vacated." *Stenzel v. Pifer*, No. C06-49Z, 2006 WL 1419016, at *4 (W.D.
21 Wash. May 22, 2006) (citing 9 U.S.C. § 9). "[C]ourts have found any language indicating
22 an arbitration award is final and binding sufficient to authorize the court to enter judgment
23 on the award under [section] 9." *Milk Drivers, Dairy & Ice Cream Employees v. Roberts
24 Dairy*, 294 F. Supp. 2d 1050, 1055 (S.D. Iowa 2003) (citing cases); *see Nationwide Mut. Ins.
25 Co. v. Randall & Quilter Reinsurance Co.*, No. C2-07-120, 2008 WL 207854, at *4 (S.D.
26 Ohio Jan. 24, 2008) (same); *see also Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 276
27 (1932). Courts also have held that "when parties agree to submit to the rules of the American
28 Arbitration Association, they consent to a federal court's jurisdiction to enforce the

arbitration award." *EMO Energy Solutions, LLC v. Acre Consultants, LLC*, No. 08-4365, 2008 WL 5110585, at *1 (E.D. La. Nov. 25, 2008) (citation omitted); *see Rainwater v. Nat'l Home Ins. Co.*, 944 F.2d 190, 193 (4th Cir. 1991) (citing cases).

The arbitration clause in Plaintiff's contract "contains no express agreement that the award is subject to being confirmed by any court." *Higgins v. USPS*, 655 F. Supp. 739, 744 (D. Me. 1987). The clause does not provide that the award will be "final" or binding," nor does it incorporate the rules of the American Arbitration Association. *See* Dkt. #33-2 at 4, ¶ 14; A.R.S. § 12-133(D).

Section 9 of the FAA "requires *some* manifestation of the agreement to have judgment entered in the contract itself." *Okla. City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 795 (10th Cir. 1991) (emphasis in original). "Indeed, the mere existence of an arbitration award against [Plaintiff] has neither legal significance nor creates any rights in favor of [Defendants] absent a contractual provision binding [Plaintiff] to the arbitration award." *United States v. Park Place Assocs., Ltd.*, --- F.3d ---, 2009 WL 1067188, at *18 (9th Cir. Apr. 22, 2009). Defendants have "failed to point out any language in the arbitration clause that either explicitly or implicitly demonstrates an intent of the parties to have judgment entered on an arbitration award." *Okla. City Assocs.*, 923 F.2d at 795. The Court will therefore deny the motion to confirm arbitration award. *See Higgins*, 655 F. Supp. at 744; *United Food & Commercial Workers v. Mulder*, No. 1:91cv623, 1992 WL 475746, at *11 (W.D. Mich. Oct. 1, 1992) ("In the absence of (1) an express, written consent to entry of judgment, or (2) words of finality in the contract, or (3) incorporation of AAA rules that themselves contain consent to entry of judgment, the [FAA] does not allow for entry of judgment on an award.").[1]

Defendants contend that Plaintiff has waived any argument that the arbitration award is non-binding because Defendants previously sought to compel *binding* arbitration. Dkt.

---

[1] It is worth noting that this ruling is not inconsistent with the Court's order compelling arbitration. *See* Dkt. #41. This Circuit has made clear that "arbitration need not be binding in order to fall within the scope of the [FAA]." *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir. 1998).

1  #51 at 4. While Defendants' asserted in their motion to compel that they were seeking
2  "binding" arbitration (Dkt. #33 at 1, 4), Defendants presented no argument or evidence in
3  support of this assertion. Because Defendants' motion to compel focused on the arbitrability
4  of Plaintiff's claims, and not whether a subsequent arbitration award would be binding on
5  the parties, the Court finds that Plaintiff has not waived the argument that the award is non-
6  binding. Dkt. #33.

**II.     Procedures for Remainder of Case.**

The arbitration clause at issue in this case provides: "For any dispute arising under the terms of this contract, the parties agree to use arbitration pursuant to A.R.S. § 12-133(D)." Dkt. #33-2, Ex. A, ¶ 14. This language suggests that the parties intended to adopt the arbitration procedures set forth in § 12-133. This suggestion is confirmed by Plaintiff's appeal of the arbitration award, filed on March 5, 2009. Dkt. #50. The appeal notes that the parties' contract chose Arizona law, that Arizona law generally does not permit binding arbitration of employment disputes, but that contracts with Arizona state government agencies typically include non-binding arbitration procedures under § 12-133. *Id.* at 2. The appeal then states: "The choice of law provision [of the contract] here clearly provides the applicability of Arizona law, and it is clear that the reference to A.R.S. § 12-133(D) provides for appealable or non-binding arbitration as provided in A.R.S. § 12-133(E)." *Id*.

Because it appears that the parties have chosen – as a matter of contract – the non-binding arbitration procedures adopted in § 12-133, and Plaintiff has now filed a timely appeal pursuant to that section (*see* Ariz. R. Civ. P. 77), it also appears that the Court should apply the provision of § 12-133 to Plaintiff's appeal. This would mean that Plaintiff must now deposit with the Court an amount equal to the arbitrator's fees (§ 12-133(I)), and that Plaintiff will be required to pay the arbitrator's fees, Defendants' costs and reasonable attorneys' fees, and Defendants' reasonable expert witness fees if Plaintiff does not obtain a decision on appeal that is at least 23% more favorable to Plaintiff than the arbitrator's award (*id*.). Other rules of procedures under § 12-133 may also apply. The parties should address the applicability of § 12-133 in the joint case management report to be filed in

1  preparation for the Rule 16 hearing that will be held in this case (to be scheduled by separate
2  order).

3  **IT IS ORDERED:**

4  1.  Defendants' motion to confirm arbitration award (Dkt. #51) is **denied**.

5  2.  The Court will set a scheduling conference by separate order. The parties shall
6  address the § 12-133 issues identified above in the joint filing made before the scheduling
7  conference.

8  DATED this 28th day of April, 2009.

*David G. Campbell*
United States District Judge