**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Madrid,<br><br>    Plaintiff,<br><br>vs.<br><br>Concho Elementary School District No. 6 of Apache County, an Arizona political subdivision; and Concho Elementary School District No. 6 of Apache County Governing Board Members Carl Dye, Cecilia Roberts, Tracy Candelaria, Angela Murphy, and John Rebello,<br><br>    Defendants. | No. CV-07-8103-PCT-DGC<br><br>**ORDER** |

Concho Elementary School District No. 6 operates one school in Apache County. Plaintiff Manuel Madrid worked as the District's superintendent beginning in July 2005. His contract with the District provided for employment through June 30, 2008. The District's Governing Board terminated his employment on September 18, 2007.

Plaintiff filed a complaint against the District and individual Board members Carl Dye, Cecilia Roberts, Tracy Candelaria, Angela Murphy, and John Rebello. The complaint asserts claims for injunctive and declaratory relief, breach of contract, violation of Arizona's open meeting law, violation of 42 U.S.C. § 1981, discrimination in violation of Title VII of the Civil Rights Act of 1964, and due process violations under 42 U.S.C. § 1983. Dkt. #1.

The parties have filed motions for summary judgment. Dkt. ##63, 65. The motions are fully briefed. Dkt. ##69, 71, 73, 74. For reasons stated below, the Court will grant Defendants' motion and deny Plaintiff's motion.[1]

I. **Summary Judgment Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

II. **Injunctive and Declaratory Relief (Count One).**

Plaintiff seeks a declaration that the parties agreed to arbitrate any dispute arising out of contract, and requests that this matter be assigned to an arbitrator. Dkt. #1 ¶ 17. This request for relief is moot because the Court already compelled arbitration.[2] *See* Dkt. ##33, 41. Plaintiff further requests that the Court construe the terms of his contract relating to termination for cause, arguing that he is entitled to judgment as a matter of law because there is no evidence of gross insubordination on his part. Dkt. #1 ¶¶ 16, 19. This is nothing more than a breach of contract claim brought under the guise of seeking declaratory relief. The Court will address Plaintiff's breach of contract claim below.

---

[1] The requests for oral argument are denied because the parties have briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] After a hearing, the arbitrator rejected all of Plaintiff's claims except his claim that Defendants failed to give 30 days' notice of the hearing held on September 18, 2007. The arbitrator awarded Plaintiff 30 days' lost salary for this claim. Dkt. #48, Ex. A.

## III. Breach of Contract (Count Two).

Plaintiff alleges that the actions taken to terminate his employment breached the terms of his contract with the District. Dkt. #1 ¶¶ 21-22. This claim fails as a matter of law, Defendants argue, because Plaintiff failed to comply with Arizona's notice of claim statute, A.R.S. § 12-821.01. Dkt. #63 at 11-12. Defendants are correct.

"Before suing a public entity for damages, a plaintiff must file a notice of claim 'with the person or persons authorized to accept service for the public entity as set forth in the Arizona rules of civil procedure[.]'" *Falcon v. Maricopa County*, 144 P.3d 1254, 1255 (Ariz. 2006) (quoting A.R.S. § 12-821.01(A)). The District is a political subdivision of the State of Arizona and is governed by a five-member Board. Dkt. #1 ¶ 2; *see* A.R.S. §§ 15-101(21), 38-431(5). Pursuant to Rule 4.1(i) of the Arizona Rules of Civil Procedure, the District's entire Board constitutes the "person or persons authorized to accept service" for the District. *Batty v. Glendale Union High Sch. Dist. No. 205*, 212 P.3d 930, 932-34 (Ariz. Ct. App. 2009). Plaintiff, therefore, was required to serve a notice of claim on each individual Board member. *See id.*

Defendants have presented undisputed evidence that three members of the Board – Carl Dye, Cecilia Roberts, and Angela Murphy – received no pre-suit notice of claim from Plaintiff. Dkt. ##64 & 72, ¶¶ 27. "'Compliance with the notice provision of § 12-821.01(A) is a mandatory and essential prerequisite to [filing] an action.'" *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) (citation and quotation marks omitted). Plaintiff's breach of contract claim is therefore barred by statute. *See Falcon*, 144 P.3d at 1256. The Court will grant summary judgment on the breach of contract claim in favor of Defendants. *See Batty*, 212 P.3d at 934 (affirming summary judgment in favor of the school district where the plaintiff failed to serve a claim notice on each individual board member).

Plaintiff's reliance on *Martineau v. Maricopa County*, 86 P.3d 912 (Ariz. Ct. App. 2004), is misplaced. *See* Dkt. #71 at 8. The plaintiffs in *Martineau* brought a declaratory judgment action challenging the validity of a policy promulgated by the County. That suit did not seek damages, and therefore did not implicate the purposes of the notice of claim

statute: "to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." 86 P.3d at 915-16. The exception to the statute recognized in *Martineau* applies only where declaratory or injunctive relief is the "primary purpose" of the litigation. *Id.* at 916.

Plaintiff seeks breach of contract damages consisting of lost wages and benefits. Dkt. #1 ¶¶ 23, 28. He claims "significant economic losses that will continue for the next 15 years" (*id.* ¶ 32), as well as great physical, emotional, and reputational harm (*id.* ¶¶ 28, 32, 45). He has presented evidence purportedly showing economic losses totaling more than one million dollars. Dkt. ##66 ¶¶ 29-35. It cannot reasonably be said that the primary purpose of this action is declaratory or injunctive relief. *Martineau* makes clear that a plaintiff may not file an action for monetary damages "under the guise" of seeking declaratory or injunctive relief without first complying with the notice of claim statute. 86 P.3d at 917 n.7. *Martineau* does not save Plaintiff's breach of contract claim.

**IV. Open Meeting Law Claim (Count Three).**

Plaintiff alleges in count three that the actions taken to terminate his employment violate Arizona's open meeting law. Dkt. #1 ¶ 31. That law provides that "[a]ll meetings of any public body shall be public meetings" and "[a]ll legal action of public bodies shall occur during a public meeting." A.R.S. § 38-431.01(A). A "meeting" is defined as the gathering of a "quorum of members of a public body at which they discuss, propose, or take legal action[.]" A.R.S. § 38-431(4). "Legal action" means "a collective decision, commitment or promise made by a public body" pursuant to legal authority. A.R.S. § 38-431(3).

Defendants argue that they are entitled to summary judgment on count three because the evidence establishes no violation of the open meeting law. The Court agrees.

The Board took several actions concerning Plaintiff's employment with the District: (1) confirming, on June 19, 2007, that Plaintiff's contract had been extended for one year during a meeting held in June 2006 (Dkt. #66-8 at 11); (2) placing Plaintiff on paid

administrative leave on June 28, 2007 (*id.* at 3-4); (3) finding, on July 19, 2007, that the allegations contained in the statement of charges, if true, would provide cause for termination, advising Plaintiff of his right to request a hearing within 30 days, and directing that Plaintiff be served with written notice of the charges against him and be advised that he would be terminated if he chose not to request a hearing (*id.* at 6); and (4) voting to terminate Plaintiff's employment on September 18, 2007 (Dkt. #64-1 at 79-80). Each of these actions was taken during an open public meeting. *See id.*; Dkt. #64-1 at 12. Board members have testified that they kept an open mind during the administrative process and had not decided to terminate Plaintiff prior to the September 18 hearing. Dkt. #64 ¶¶ 13-14.

Plaintiff makes several assertions in his summary judgment briefs without citation to evidentiary support: that he was able to resolve every accusation of malfeasance during a Board meeting "but the Board continued to assert that it was going to terminate [him]" (Dkt. #65 at 5); that there "was no compliance with the authorization to hire Mr. Haws that occurred in an open meeting" (Dkt. #71 at 6); that "it appears that the Board made decisions in executive sessions rather than in open session" (*id.*); that Board members "communicated outside of regular open meetings and formulated and acted upon a course of action to terminate [Plaintiff]" (Dkt. #73 at 2); and that Board members scheduled an executive session with Plaintiff and an attorney from the Apache County attorney's office "without prior notice or Board action authorizing such meeting (*id.*). *See also* Dkt. #66-8 at 25, ¶ 9. Plaintiff similarly speculates that the mistaken belief of certain Board members that his contract had not been extended "could not have occurred without unlawful communication among them." Dkt. #73 at 2. Plaintiff's "speculation and conjecture . . . is not evidence at the summary judgment stage." *Murphey v. TPS Enterprises*, No. CIV 04-2430-PHX-MHM, 2007 WL 2775132, at *4 (D. Ariz. Sept. 21, 2007) (citing *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978)).

In his statement of facts, Plaintiff cites to his own deposition testimony for the proposition that Board members "met between the May and June Governing Board meetings and determined to terminate [his] tenure as Superintendent." Dkt. #66 ¶ 10 (citing

Dkt. #66-2 at 14-16, 19). Defendants note, correctly, that the cited evidence does not demonstrate a violation of the open meeting law. Dkt. #70 at 7. Plaintiff testified that during an unspecified meeting, Board members Dye, Murphy, and Candelaria indicated that they were not willing to renew his contract without recognizing that the contract previously had been extended (Dkt. #66-2 at 14-15), that Candelaria stated during that meeting that she would never agree to buy out a contract (*id.* at 16), and that at one point Dye admitted to talking to Candelaria about Plaintiff's contract, but did not say when (*id.* at 19). Plaintiff does not explain, and it is not otherwise clear to the Court, how this evidence demonstrates a violation of the open meeting law. The evidence, even when construed in Plaintiff's favor, does not show that a quorum of Board members met and took legal action outside of a public meeting. *See* A.R.S. § 38-431.01(A); *see also Boyd v. Mary E. Dill Sch. Dist. No. 51*, 631 P.2d 577, 580 (Ariz. Ct. App. 1981) (affirming dismissal of open meeting law claim where the alleged legal action was taken by less than a quorum of board members).

Plaintiff states that at the June 28 meeting, it was "clearly evident" to his former counsel, Kay Hunnicutt, that the Board already had decided to terminate his employment. Dkt. #66 ¶ 12. Ms. Hunnicutt has testified to her "own perception" that it appeared to be an "antagonistic" meeting. Dkt. #66-3 at 2. She speculated that Carl Dye's perceived antagonism toward Plaintiff stemmed from Plaintiff's participation on a search committee that decided not to select Dye for the position of business manager. *Id.* at 3. Ms. Hunnicutt also opined that Dye raised trivial employment issues that should have had no impact on a superintendent's contract. *Id.* These opinions constitute precisely the kind of speculation and conjecture "that courts have held will not defeat a motion for summary judgment." *Glass v. Intel Corp.*, No. CV-06-1404-PHX-MHM, 2009 WL 649787, at *7 (D. Ariz. Mar. 11, 2009) (citations omitted); *see Murphey*, 2007 WL 2775132, at *3-4; *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 n.10 (9th Cir. 2002).

Plaintiff contends that the open meeting law has been violated due to conflicts of interest on the part of Board members, and because Dye allowed members of the public to slander Plaintiff. Dkt. ##65 at 6-7, 71 at 7, 73 at 2. Plaintiff, however, provides no argument

1 | or legal authority in support of those contentions.

Plaintiff contends that the District's expenditure of public monies for legal services in defense of this suit violates A.R.S. § 38-431.07 because the District failed to take the requisite legal action in an open meeting. Dkt. #71 at 7. But this alleged violation of the open meeting law is not asserted in the complaint (Dkt. #1 ¶¶ 29-32), and the time for amending pleadings has passed (Dkt. #32 ¶ 2).

In summary, Defendants have presented evidence showing that the administrative termination proceedings complied with the open meeting law, A.R.S. §§ 38-431 to 38-431.09. To survive summary judgment, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). He must, by affidavit or otherwise, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiff has not met his summary judgment burden with respect to his open meeting law claim. The Court therefore will grant summary judgment on that claim in favor of Defendants. *See id.*; *see also Valencia v. Cota*, 617 P.2d 63, 66 (Ariz. Ct. App. 1980) (plaintiffs failed to state a violation of the open meeting law where the majority of the town council ratified the decision to terminate the town manager at a meeting complying with the law).

## V.     Race Discrimination (Counts Four and Five).

Plaintiff alleges in count four that his employment with the District was terminated because of his race – Hispanic – in violation of 42 U.S.C. § 1981. Dkt. #1 ¶¶ 34-35. Plaintiff alleges in count five that he was discriminated against because of his race in violation of Title VII of the Civil Rights Act of 1964. *Id.* ¶ 39.

Title VII makes it unlawful for an employer to discriminate against any individual with respect to his "compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" 42 U.S.C. § 2000e-2(a)(1). "Similarly, § 1981 prohibits [race] discrimination in the 'benefits, privileges, terms and conditions' of employment." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) (quoting 42 U.S.C. § 1981(b)).

### A. Plaintiff's Motion.

Plaintiff seeks summary judgment on counts four and five based solely on his own affidavit testimony. Dkt. #65 at 16-17. Plaintiff states that he was the first Hispanic certified employee hired by the District in more than 50 years (Dkt. #66-8 at 27, ¶ 17), but does not explain how his *hiring* constitutes unlawful discrimination. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996) (a "strong inference" against a discriminatory motive arises where the plaintiff is hired by the defendant).

Plaintiff further states that other Hispanic employees were treated differently and discriminated against by school administrators, but Plaintiff does not explain how the poor treatment of *other employees* constitutes unlawful discrimination against *him*. Plaintiff has presented no evidence showing that harassment of other employees was sufficiently severe or pervasive to alter the terms and conditions of his employment and constitute a racially hostile work environment. *See Mannatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003).

Plaintiff states that he was subjected to a "derogatory and demeaning attitude" on the part of Board Members and school personnel, and that his assistant, Christine Bennett, "was insubordinate, sabotaged [him] and engaged in a pattern and practice with others at the school and within the community, to drive [him] out." Dkt. #66-8 at 27 ¶ 17. Plaintiff identifies no specific incident of harassment, nor has he presented evidence that any harassment was based on his race. Title VII and § 1981 do not prohibit all harassment in the workplace; they are directed only at race discrimination. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). With respect to any discrimination on the part of Bennett, Plaintiff has presented no evidence that Bennett played a role in the Board's decision to terminate Plaintiff. Bennett's conduct is therefore irrelevant to a claim for disparate treatment. *See Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir. 2005).

Plaintiff has not presented evidence sufficient to support a finding that he is entitled to summary judgment on counts four and five. *See Celotex*, 477 U.S. 323. The Court will deny his motion with respect to those claims.

### B. Defendants' Motion.

Defendants seek summary judgment on the ground that the undisputed evidence (Dkt. #64 ¶ 30) shows Plaintiff was terminated not because of his race, but because the Board reasonably believed he had in engaged in conduct providing just cause for termination. Dkt. #63 at 14-16. Plaintiff does not respond to this argument other than by claiming that the testimony of the Board members is "self serving." Dkt. #71 at 9. Nor does Plaintiff refute the evidence showing that the Board hired him and extended his contract knowing that he is Hispanic, accepted his recommendations to hire four other Hispanic employees, and expressed no racial animus toward him. Dkt. #64 ¶¶ 39-41. Plaintiff's discrimination claims are based on his belief that the Board previously supported a former superintendent accused of wrongdoing. Dkt. #64-1 at 18-19. To survive summary judgment, however, Plaintiff must present specific and substantial evidence showing that the District intentionally discriminated against him because of his race. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002). Plaintiff has presented no such evidence. The Court will grant summary judgment on the discrimination claims in favor of Defendants.

## VI. Due Process (Counts Two and Six).

Plaintiff alleges in counts two and six that the administrative proceedings resulted in a deprivation of his property and liberty interests without due process of law. Dkt. #1 ¶¶ 21, 27, 41-46. Before a public employee is terminated for cause, he is entitled to "notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *see Mathews v. Eldridge*, 424 U.S. 319, 349 (1976); *Deuel v. Ariz. State Sch. for the Deaf & Blind*, 799 P.2d 865, 867-68 (Ariz. Ct. 1990). When the employee "is afforded these procedural protections, there is no due process violation." *Wilcox v. City of Phoenix*, No. CV 07-01875-PHX-MHM, 2009 WL 3174758, at *5 (D. Ariz. Sept. 29, 2009) (citing *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 (9th Cir. 2001)). The evidence presented in this case, even when construed in Plaintiff's favor, establishes that he received all the constitutional process he was due. *See Hibbs*, 273 F.3d at 873; *Brewster v. Bd. of Educ. of*

*the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 985 (9th Cir. 1998).

On or about July 19, 2007, Plaintiff received written notice of the charges against him and all supporting evidence. Dkt. ##64 & 72 ¶¶ 1. Plaintiff was provided the opportunity to review the charges and evidence. *Id.* ¶¶ 2; *see* Dkt. #64-1 at 7, 11. He was advised of his right to request an evidentiary hearing (Dkt. #66-8 at 6), and he requested one (Dkt. #64-1 at 13, 82). Plaintiff knew that the purpose of the hearing would be to determine whether there was just cause for his termination. Dkt. #64-1 at 16. He also knew that he had the right to be represented by counsel, to present evidence and witnesses on his behalf, and to cross-examine other witnesses and challenge evidence presented against him. *Id.* at 13, 20. An evidentiary hearing on the statement of charges was scheduled and publically noticed for September 18, 2007. Dkt. #64-1 at 29-30, 74. Plaintiff and his counsel received written notice of the date, time, and place of the hearing. Dkt. ##64 & 72 ¶¶ 10; *see* Dkt. #64-1 at 14, 72. Plaintiff chose not to attend the hearing because he believed the Board members had prejudged the matter. Dkt. #64-1 at 9, 21. Board members other than Carl Dye, who recused himself (*id.* at 13, 16, 82), considered evidence presented at the hearing and voted to terminate Plaintiff's employment (*id.* at 47, 50, 55, 79-80). *See* Dkt. #64-1 at 79-80.

Plaintiff makes several arguments in support of his due process claims. None has merit.

Plaintiff notes that instead of the 30-day notice provided for in his contract (Dkt. #66-1 at 2), he received only four days' prior notice of the September 18 hearing. Dkt. #65 at 9. The procedures necessary to satisfy due process, however, are determined by federal law, not by private contract. *See Voigt v. Savell*, 70 F.3d 1552, 1563 (9th Cir. 1995). Plaintiff has cited no authority for the proposition that a four-day notice is *per se* constitutionally deficient. Nor does he dispute that he received notice of the charges and disclosure of the evidence against him nearly two months before the September 18 hearing (Dkt. #72 ¶ 1) and that he had access to all favorable evidence at that time (Dkt. #64-1 at 20). Plaintiff chose not to appear at the hearing. The evidence does not support a finding that the four-day notice in this context denied Plaintiff due process.

Plaintiff argues that the Board was not an impartial tribunal because it served as the charging party, prosecutor, witness, and judge. Dkt. ##65 at 14-16, 71 at 3-4. But the Due Process Clause does not guarantee Plaintiff that "the decision to terminate [his] employment would be made or reviewed by a body other than the School Board." *Hortonville Joint Sch. Bd. No. 1 v. Hortonville Educ. Ass'n*, 426 U.S. 482, 497 (1976). "[T]he combination of investigative and adjudicative functions does not, without more, constitute a due process violation." *Withrow v. Larkin*, 421 U.S. 35, 58 (1975); *see Rouse v. Scottsdale Unified Sch. Dist. No. 48*, 752 P.2d 22, 26 (Ariz. Ct. App. 1987); *Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 773, 780 & n.10 (9th Cir. 1982).

Plaintiff contends that Board members prejudged the matter and had an impermissible pecuniary interest in the outcome. Dkt. ##65 at 14-16, 71 at 4-6. Public officials are presumed to act fairly and with honesty and integrity. *See Hortonville*, 426 U.S. at 497; *Withrow*, 421 U.S. at 55; *Bayliss v. Barnhart*, 427 F.3d 1211, 1215 (9th Cir. 2005); *Pavlik v. Chinle Unified Sch. Dist. No. 24*, 985 P.2d 633, 637 (Ariz. Ct. App. 1999). This presumption can be rebutted, but "only by a showing of actual bias; mere speculation regarding bias will not suffice." *Pavlik*, 985 P.2d at 637 (citing *Withrow*, 421 U.S. at 47); *see Rouse*, 752 P.2d at 27. "The party asserting bias bears the burden of rebutting the presumption of fairness and establishing a disqualifying interest." *Pavlik*, 985 P.2d at 637; *see Schweiker v. McClure*, 456 U.S. 188, 195-96 (1982). Plaintiff has not met these burdens.

The Board members have testified that they did not decide to terminate Plaintiff prior to the September 18 hearing, that they kept an open mind during the hearing, and that they carefully considered the evidence before deciding to vote in favor of terminating Plaintiff for just cause. Dkt. #64 ¶¶ 13-14. Plaintiff disputes this evidence by citing collectively to the first 53 paragraphs of his statement of facts. Dkt. #72 ¶¶ 13-14; *see* Dkt. #66 ¶¶ 1-53. Such a general citation is insufficient to create a genuine issue for trial. To defeat summary judgment, Plaintiff must "'identify with *reasonable particularity* the evidence that precludes summary judgment.'" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citation omitted; emphasis added). The Court has no obligation to "'scour the record in search of a genuine

issue of triable fact.'" *Id.* As this Circuit has recognized, "'judges are not like pigs, hunting for truffles buried in briefs.'" *Independent Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citation omitted).

Plaintiff asserts that in setting the evidentiary hearing for September 18, Angela Murphy stated that Plaintiff "had been paid long enough and needed to get off the district payroll." Dkt. #66 ¶ 26. Defendants correctly point out that the cited evidence (Dkt. #66-2 at 9) does not support Plaintiff's assertion. Dkt. #70 at 15. Plaintiff cites to page 44 of his deposition testimony as evidentiary support for the purported statement by Murphy (Dkt. #66 ¶ 26), but that testimony does not address a statement made by Murphy. It relates solely to a letter from the Auditor General regarding District finances. Dkt. #66-2 at 9. Murphy has testified that, during the meeting where the Board set the date for evidentiary hearing, her mind was not made up to terminate Plaintiff's employment. Dkt. #64-1 at 47.

Plaintiff claims that the Board was biased because it had a pecuniary interest in his employment contract and a potential award of attorneys' fees in his favor. Dkt. ##65 at 12, 71 at 4. "[A] party who seeks to establish institutional bias on the basis of pecuniary interest must show that the interest is direct and personal, not generalized and speculative." *Pavlik*, 985 P.2d at 638. The party must show that "the official motive is 'strong,' so that it 'reasonably warrants' fear of partisan influence on the judgment[.]" *Alpha Epsilon Phi Tau Chapter Housing Ass'n v. City of Berkeley*, 114 F.3d 840, 845-46 (9th Cir. 1997) (citations and alterations omitted). Plaintiff offers nothing more than the generalized assertion that the Board had an impermissible pecuniary interest in favor of his termination. In short, the record is devoid of evidence sufficient "to rebut the presumption that the Board members are fair and impartial public servants[.]" *Pavlik*, 985 P.2d at 639.

Plaintiff argues that the prosecuting attorney, Robert Haws, had a conflict of interest because he previously had advised Plaintiff on various legal matters involving District employees. Dkt. ##65 at 5-6, 71 at 2-3. But Plaintiff has presented no evidence showing that the advice he received from Mr. Haws related to one or more of the specific charges against him (Dkt. #66-4 at 2-8). Nor has Plaintiff presented argument or evidence that the purported

conflict actually impaired the fairness of the administrative proceedings.

Plaintiff contends that the Navajo County Attorney, Mel Bowers, had no legal authority to advise the Board at the September 18 hearing. Dkt. ##65 at 7, 66 ¶ 48. Because the Apache County Attorney, Chris Candelaria, is married to Board member Tracy Candelaria, the Board requested the assistance of Mr. Bowers to avoid the appearance of a conflict of interest. Dkt. #64 ¶ 21. Plaintiff does not explain how Mr. Bowers' participation under these circumstances, even if not authorized by statute, violated due process.

Plaintiff cites *Tsakiris v. Phoenix Union High School District*, 502 P.2d 1093 (Ariz. Ct. App. 1972), for the proposition that the Board impermissibly imposed discipline for events that occurred prior to his contract extension in June 2006. Dkt. #71 at 7. But *Tsakiris* makes clear that an employee's slate is not "wiped clean" by a contract extension, and that prior acts of misconduct may "be considered in conjunction with incompetency or misconduct demonstrated in the future work of the [employee]." 502 P.2d at 1096; *see DeFries v. Sch. Dist. No. 13 of Cochise County*, 567 P.2d 1212, 1215 (Ariz. Ct. App. 1977); A.R.S. § 15-542(B). In this case, the Board did not terminate Plaintiff solely on the basis of events that pre-dated his contract extension in June 2006. *See* Dkt. #66-4 at 2-8. The Board's consideration of past events did not deny Plaintiff due process.

Plaintiff argues that rather than using the termination process provided for in his contract, the Board employed the due process procedures set forth in A.R.S. § 15-539. Dkt. ##65 at 18, 71 at 3. Plaintiff does not explain, however, how the procedures in § 15-539 conflict with the minimum constitutional standards of due process.

Finally, Plaintiff argues that Defendants' actions have deprived him of his liberty interest in future employment, including the position of superintendent for the Chinle school district. Dkt. ##65 at 10, 66 ¶ 52. "The Ninth Circuit has expressly limited such claims to 'extreme cases[.]'" *Wilcox*, 2009 WL 3174758, at *6 (quoting *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 987 (9th Cir. 2007)). "'It is not enough that [Defendants'] stigmatizing conduct has some adverse effect on [Plaintiff's] job prospects; instead, [Plaintiff] must show that the stigmatizing actions make it virtually impossible for [him] to find new employment

1 | in his chosen field.'" *Engquist*, 478 F.3d at 988 (citation omitted). Plaintiff has made no
2 | such showing. *See* Dkt. #65 at 10.

3 | In summary, Plaintiff has failed to demonstrate a triable issue on his due process
4 | claims. The Court will grant summary judgment on those claims in favor of Defendants.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Dkt. #63) is **granted**.
2. Plaintiff's motion for summary judgment (Dkt. #65) is **denied**.
3. The Clerk is directed to enter judgment accordingly.

Dated this 17th day of May, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge