IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Madrid,<br><br>Plaintiff,<br><br>vs.<br><br>Concho Elementary School District No. 6 of Apache County, an Arizona political subdivision; and Concho Elementary School District No. 6 of Apache County Governing Board Members Carl Dye, Cecilia Roberts, Tracy Candelaria, Angela Murphy, and John Rebello,<br><br>Defendants. | No. CV-07-8103-PCT-DGC<br><br>**ORDER** |

Manuel Madrid worked as the superintendent for Concho Elementary School District No. 6 beginning in July 2005. His contract with the District provided for employment through June 30, 2008. The District's Governing Board terminated his employment on September 18, 2007.

Plaintiff filed a complaint against the District and individual Board members on October 3, 2007. The complaint asserted claims for injunctive and declaratory relief, breach of contract, violation of Arizona's Open Meeting Law, violation of 42 U.S.C. § 1981, discrimination in violation of Title VII of the Civil Rights Act of 1964, and due process violations under 42 U.S.C. § 1983. Doc. 1.

On May 17, 2010, the Court granted summary judgment on all claims in favor of Defendants. Doc. 75. Defendants filed a motion for attorneys' fees the next day.

Doc. 77. Before briefing was complete, Plaintiff filed an appeal with the Ninth Circuit on June 16, 2010. Doc. 81. In the interest of judicial economy, the Court denied Defendants' motion without prejudice to re-file within 30 days after the Ninth Circuit's disposition of the appeal. Doc. 85. *See* Fed. R. Civ. P. 54(d), Advisory Comm. Note (1993 amendments) ("If an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(b) a new period for filing after the appeal has been resolved."). The Ninth Circuit affirmed the Court's grant of summary judgment and the appeal terminated on July 11, 2011. Doc. 86-1.

Pursuant to the Court's order (Doc. 85), Defendants re-filed a motion for attorneys' fees within 30 days of the termination of Plaintiff's appeal. Doc. 87. The motion has been fully briefed. Docs. 87, 88, 89, 91. No party has requested oral argument. For reasons that follow, the Court will grant the motion.

The arbitration clause in the parties' contract provides: "For any dispute arising under the terms of this contract, the parties agree to use arbitration pursuant to A.R.S. § 12-133(D)." Doc. 33-1, Exhibit A, ¶ 14. This language indicates that the parties intended to adopt the arbitration procedures set forth in § 12-133. Plaintiff's appeal of the arbitration award confirms the parties' intent. Doc. 50. The appeal notes that the parties chose to be governed by Arizona law, that Arizona law generally does not permit binding arbitration of employment disputes, and that contracts with the Arizona state government typically include non-binding arbitration procedures under § 12-133. *Id.* at 2. Plaintiff's appeal further states: "[I]t is clear that the reference to A.R.S. § 12-133(D) provides for appealable or non-binding arbitration as provided in A.R.S. § 12-133(E)." *Id.*

Because the parties contractually chose the arbitration procedures provided in § 12-133, the Court exercises its discretion not to award attorneys' fees under 42 U.S.C. § 1988(b) and A.R.S. § 12-341.01. Nor does the Court find that Plaintiff unreasonably delayed proceedings or that his claims were so lacking in substantial justification as to

warrant attorneys' fees under A.R.S. § 12-349. *See E.E.O.C. v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1993) ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." (quoting *Christianberg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421-22 (1978)).

Consistent with the parties' chosen procedure, the Court applies A.R.S. § 12-133 to determine whether to award attorneys' fees and the amount of the award. Section 12-133(I) provides:

> If the judgment on trial de novo is not at least twenty-three percent more favorable than the monetary relief or other type of relief granted by the arbitration award, the court shall order . . . that the appellant pay . . . the following costs and fees:
>
> 1. To the county, the compensation actually paid to the arbitrator.
>
> 2. To the appellee, those costs taxable in any civil action and reasonable attorney fees as determined by the trial judge for services necessitated by the appeal.

A.R.S. § 12-133(I).

Plaintiff did not obtain a judgment on appeal that was at least twenty-three percent more favorable than the monetary relief granted by the arbitration award. Plaintiff was awarded 30 days' lost wages through arbitration proceedings. Doc. 48, Exhibit A, at 6. On appeal, the Court granted Defendants' motion for summary judgment and dismissed all of Plaintiff's claims. Doc. 75.

Defendants incurred $1,716.19 in arbitrator's fees based on invoices and disbursements records. Doc. 88, Exhibit 5. These fees were paid on behalf of Defendants by Gallagher & Kennedy, P.A., and therefore should be reimbursed to Gallagher & Kennedy, P.A. Section 12-133 provides for recovery of those attorneys'

fees "necessitated by the appeal." A.R.S. § 12-133(I)(2). Defendants incurred $34,194.55 in attorneys' fees after Plaintiff's March 5, 2009 appeal of the arbitration award to the Court. Doc. 88, Exhibit 4. The Court finds that these attorneys' fees are reasonable. The itemized charges are appropriate. Doc. 88-1, Exhibit 4. The rate charged by Defendants' lead attorney was well below his normal billing rate. Doc. 88-1, Exhibit 6, ¶5.

Section 12-133 does not require reimbursement of costs and fees in the event that "the court finds on motion that the imposition of the costs and fees would create a substantial economic hardship as not to be in the interest of justice." A.R.S. § 12-133(I). Plaintiff has not made the requisite showing of substantial economic hardship. Indeed, Plaintiff does not address the economic hardship issue in his response. The response does mention in passing that Plaintiff has lost his house and his cars (Doc. 89, at 4), but provides no substantiation of this claim or any other explanation concerning economic hardship.

Finally, third party payment of attorneys' fees does not preclude recovery of fees incurred if Defendants assumed a contingent obligation to repay in the event of recovery. *See Morrison v. Comm'r of Internal Revenue*, 565 F.3d 658, 659 (9th Cir. 2009) ("[A]n individual may 'incur' fees even if those fees are paid initially by a third party."). A defendant who must reimburse a third party insurer in the event that the defendant recovers attorneys' fees has "incurred" compensable legal expenses as defined by the Ninth Circuit. *Parenteau v. Prescott Unified Sch. Dist.*, 2009 WL 2169154 at *5-6 (D. Ariz. July 17, 2009). Here, as in *Parenteau*, Defendants are insured by the Arizona School Risk Retention Trust. The Trust initially paid for Defendants' legal fees, and Defendants are obligated to turn over an award of attorneys' fees to the Trust. Defendants may recover attorneys' fees because they have assumed a contingent obligation to repay their third party insurer.

**IT IS ORDERED:**

1. Defendants' motion for attorneys' fees (Doc. 87) is **granted** pursuant to

| | |
|---|---|
| 1 | A.R.S. § 12-133(I). |
| 2 | 2. Gallagher & Kennedy, P.A. is awarded **$1,716.19** in arbitrator's fees. |
| 3 | 3. Defendants are awarded **$34,194.55** in attorneys' fees to reimburse Arizona |
| 4 | School Risk Retention Trust, Inc. |
| 5 | Dated this 30th day of September, 2011. |

*[signature]*

David G. Campbell
United States District Judge